UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

AARON J. LINDH,

        Plaintiff,

     v.                                         Case No. 21-C-801

TONIA MOON,

        Defendant.

─────────────────────────────────────────────

## ORDER

─────────────────────────────────────────────

On February 25, 2022, the Court granted Defendant's motion for summary judgment and dismissed this case without prejudice based on Plaintiff Aaron Lindh's failure to exhaust administrative remedies prior to filing this lawsuit. Dkt. Nos. 28-29. The Court concluded that Plaintiff did not file any inmate complaints at all regarding his April-May 2021 retaliation claim against Inmate Complaint Examiner (ICE) Tonia Moon and he also did not meet his burden to show that administrative remedies were "unavailable" to him. Dkt. No. 28. On March 17, 2022, Plaintiff filed a motion for recusal, a motion for reconsideration under Rule 59(e), and a motion to amend/correct complaint, all of which the Court denied on April 26, 2022. Dkt. Nos. 30-31, 34, & 38.

On August 19, 2022, Plaintiff filed a second motion for reconsideration, this time under Rule 60(b). Dkt. No. 45. Plaintiff explains that, in June 2022, he tried to file an inmate complaint about ICE Moon in connection with a different instance of retaliation and that inmate complaint was "rejected" because it was allegedly "dissatisfaction with the decision [] received" not a separate assertion of retaliation. *Id*. at 3-4. Plaintiff appears to argue that all inmate complaints

filed against ICEs are "rejected" as a matter of course, so practically speaking administrative remedies are never available *Id*. at 2-3. Plaintiff also states that Moon never provided her own affidavit as evidence in the case, so she is committing "fraud." *Id*. at 2.

The disposition of Plaintiff's June 2022 inmate complaint against ICE Moon is not relevant to whether he filed an inmate complaint against her in April-May 2021. Indeed, Plaintiff explicitly "concedes" in this motion that he "never filed an inmate complaint against Moon" regarding the April-May 2021 incidents. Dkt. No. 45 at 2. Instead, he appears to be asserting that it would have been futile for him to do so given what happened when he did file in June 2022. *Id*. at 3-4. But there is no futility exception to the Prison Litigation Reform Act. *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006). Plaintiff was required to attempt exhaustion in April-May 2021 whether or not he believed it was futile. Further, if Plaintiff believes that administrative remedies were not available to him regarding the June 2022 retaliation inmate complaint, he must raise that argument in a lawsuit involving that issue. What happened in June 2022 is not relevant to this case. Finally, ICE Moon was not required to provide her own affidavit in the case. The Declaration of Emily Davidson, who also has personal knowledge of the Inmate Complaint Review System procedures, was adequate evidence to establish summary judgment. The Court will deny Plaintiff's motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 45) is **DENIED**.

Dated at Green Bay, Wisconsin this 31st day of August, 2022.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court